UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                )
                                      )   **JUDGE RICHARD L. SPEER**
Duane J. Tillimon                     )
                                      )   Case No. 07-35365
        Debtor(s)                     )
                                      )
                                      )

**DECISION AND ORDER**

This cause comes before the Court on its own Motion. For said Motion, the Court, given the procedural posture of the case, finds that the requirement set forth in 11 U.S.C. § 111, regarding the Debtor's completion of a course on personal financial management, should be waived and that a discharge should be forthwith entered. The basis for this decision is set forth below.

**FACTS**

On December 10, 2007, the Debtor, Duane J. Tillimon, filed a petition in this Court for relief under Chapter 11 of the United States Bankruptcy Code. (Doc. No. 1). In filing his bankruptcy case, the Debtor submitted a certificate, showing that, as required by 11 U.S.C. §§ 109(h) and 521(b), he had completed the requisite credit counseling course. (Doc. No. 2). The Debtor, however, has yet to complete the financial management course as required by § 111.

At the time he filed his petition for relief, the Debtor had a fee interest in the following real property:

(1) 1120 SOUTH CREEK LANE, TOLEDO, OH
(2) 114 ARKLOW DRIVE, TOLEDO, OH
(3) 14 VAN BUREN AVENUE, TOLEDO, OH
(4) 16 VAN BUREN AVENUE, TOLDEO, OH
(5) 1936 HURD STREET, TOLEDO, OH

In re: Duane J. Tillimon
Case No. 07-35365

    (6) 20 VAN BUREN AVENUE, TOLEDO, OH
    (7) 2121 LISA LANE, TOLEDO, OH
    (8) 2139 LISA LANE, TOLEDO, OH 43611
    (9) 2200 GALLIER DRIVE, TOLEDO, OH (aka 4460 Suder)
    (10) 2339 WINTERSET DRIVE, TOLEDO, OH
    (11) 2902 POWHATTAN PARKWAY, TOLEDO, OH
    (12) 3513 DOUGLAS ROAD, TOLEDO, OH
    (13) 3634 WILLOW RUN DRIVE, TOLEDO, OH
    (14) 3638 WILLOW RUN DRIVE, TOLEDO, OH
    (15) 3802 HOUSE OF STUART, TOLEDO, OH
    (16) 3955 BRANCH DRIVE, TOLEDO, OH
    (17) 44-54 E. CRAWFORD AVENUE, TOLEDO, OH (aka 4903-4909 N. Detroit)
    (18) 4437 COPPER CREEK LANE, TOLEDO, OH
    (19) 4445 WOODMONT ROAD, TOLDEO, OH
    (20) 4602 SUDER AVENUE, TOLEDO, OH
    (21) 4656 SOUTH DETROIT, TOLEDO, OH
    (22) 4709 VENTURA DRIVE, TOLEDO, OH
    (23) 5005 YORKSHIRE DRIVE, TOLEDO, OH
    (24) 5023 OAK RIDGE DRIVE, TOLEDO, OH
    (25) 560 N. BYRNE ROAD, TOLEDO, OH
    (26) 570 N. BYRNE ROAD, TOLEDO, OH
    (27) 580 N. BYRNE ROAD, TOLEDO, OH

The Debtor also maintained a fee interest in his residence, 5105 Tillimon Trail, Toledo, Ohio. Against all these properties, liens – whether consensual, judicial or statutory, or a combination thereof – are held by various third parties.

On April 25, 2008, the Court, based upon a Motion filed by the United States Trustee, entered an order converting this case to a proceeding under Chapter 7 of the United States

In re: Duane J. Tillimon
Case No. 07-35365

Bankruptcy Code. (Doc. No. 240). John N. Graham was thereafter appointed trustee of the Debtor's bankruptcy estate. (Doc. No. 246).

With the exception of his residence, the estate's interest in all of the Debtor's real property has been abandoned. Orders, affording lien holders relief from the automatic stay of 11 U.S.C. § 362(a), have also been entered for a substantial number of the Debtor's real properties. The most recent report submitted by the Trustee also shows that, with the exception of some choses-in-action, all of the Debtor's remaining interests in personal property have been abandoned from the estate. (Doc. No. 465). In his report, the Trustee projects that this case should be fully administered and ready for closing by November 30, 2011. *Id.*

## DISCUSSION

With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,[1] individual debtors are required to complete, as a condition to obtaining the relief afforded by the Bankruptcy Code, a prebankruptcy credit counseling course and a postfiling financial management course. 11 U.S.C. § 111. If a debtor does not complete the prebankruptcy credit counseling, he or she may not be a debtor in a bankruptcy case. 11 U.S.C. § 109(h). If a debtor does not complete the postfiling financial management course, he or she is not entitled to receive a discharge. 11 U.S.C. §§ 727(a)(11) and 1328(g).

In this matter, the Debtor completed the prebankruptcy credit counseling course, thereby qualifying him to be a debtor in bankruptcy. However, despite the passage of more than three years since his case was filed and converted to Chapter 7, the Debtor has yet to complete the required

---

[1] Public Law 109–8, 119 Stat. 23.

Page 3

In re: Duane J. Tillimon
Case No. 07-35365

financial management course. Based upon this deficiency, the Debtor's case may be closed without the entry of a discharge once the estate has been fully administered. FED.R.BANK.P. 4006. Yet, because some estate property is still being administered by the Trustee, no such action has occurred in this case, creating an anomalous situation.

When a bankruptcy case is commenced, an automatic stay arises. 11 U.S.C. § 362. The scope of the stay is broad and operates to enjoin essentially any act, whether the commencement or continuation thereof, by a creditor to collect on a prepetition claim. *In re Harchar*, 393 B.R. 160, 167 (Bankr. N.D.Ohio 2008). Three types of acts are covered by the stay: (1) acts against the estate; (2) acts against the debtor; and (3) acts against a debtor's property.

The automatic stay, however, does last in perpetuity and, unless relief from the stay is granted earlier, the stay will terminate by operation of law upon the occurrence of a few specified events. First, for acts concerning property of the estate, the automatic stay terminates when the property is no longer property of estate, an event which occurs when the property is abandoned.[2] 11 U.S.C. § 362(c)(1). Second, for acts involving the debtor and his property, the stay expires at the earlier of the time that: (1) the case is closed, (2) the case is dismissed or (3) the debtor receives a discharge. 11 U.S.C. § 362(c)(2).

In this case, all of the Debtor's real property, with the exception of his residence, has been abandoned from the estate, thereby causing the stay to be relieved with respect to such property. The same is likewise true for much of the Debtor's personal property. Finally, concerning the Debtor's

---

2

When a bankruptcy case is commenced, an estate is created comprised of all interests in property held by the debtor at the commencement of the case. 11 U.S.C. § 541(a). In a Chapter 7 case, a trustee is then appointed to administer the estate. 11 U.S.C. § 701. Estate property will remain within the estate until the debtor's interest in the property is abandoned.

Page 4

In re: Duane J. Tillimon
Case No. 07-35365

personal interest in a number of his real properties, the record in this case reflects that orders have been entered by the Court relieving the automatic stay.

Based upon these events, the operation of the automatic stay is now very limited in this case, covering only those few interests still being administered by the Trustee (*i.e.*, non-abandoned property) and those interests of the Debtor against which the stay has not been specifically relieved by Court order. To the extent that the automatic stay remains in effect, however, the Debtor continues to interpose objections against parties seeking relief therefrom, a position which serves no legitimate bankruptcy function.

First, insofar as it involves the estate's interest in property, the Debtor generally has no standing to object to relief from the automatic stay. Instead, only the Trustee, as the representative of the estate, has standing to oppose relief from the stay with respect to the estate's interest in the property. *See In re Bertka*, Not Reported in B.R., 2010 WL 2756964 (Bankr. E.D.Va. 2010).

Second, concerning the application of the automatic stay to the Debtor personally, the only reason the stay remains in effect is because this case remains open for administration and a discharge has not yet been entered. No complaint to deny discharge or motion to dismiss this case is pending, however. As a result, the Debtor is entitled to receive a discharge but for one fact: He has yet to complete the course on personal financial management. Had the Debtor promptly completed the course, his discharge would have been entered, and the automatic stay arising in his favor would have terminated almost three years ago, most likely sometime in July of 2008.[3]

---

[3]

The Debtor's case was converted to Chapter 7 on April 25, 2008. Pursuant to 11 U.S.C. § 348(a), the conversion of a case "constitutes an order for relief under the chapter to which the case is converted . . . ." Bankruptcy Rule 2003(a) provides that ". . . in a chapter 7 liquidation or a chapter 11 reorganization case, the United States trustee shall call a meeting of creditors to be held no fewer than 21 and no more than 40 days after the order for relief." In turn,

Page 5

In re: Duane J. Tillimon
Case No. 07-35365

Yet, absent some compelling circumstances there is no reason in a Chapter 7 bankruptcy to have the automatic stay protect a debtor personally for such an extended period of time. The purpose of the automatic stay is to provide the debtor with some breathing room from creditors' collection efforts and to "ensure the orderly liquidation of the debtor's bankruptcy estate." *In re Russell*, 441 B.R. 859, 861 (Bankr. N.D.Ohio 2010). Given the time frames discussed, the Debtor in this matter has clearly been afforded an ample breathing spell from his creditors.

At the same time, the Debtor, if he delays in completing the instructional course on personal financial management, will continue for the foreseeable future to enjoy in his Chapter 7 bankruptcy case some of the benefits of the automatic stay. Specifically, it is noted that in his report filed with the Court, the Trustee estimated that this case could remain open for administration until November 30, 2011. It is hard to fathom that Congress foresaw that debtors, by using the requirement of the financial management course, could control and manipulate the duration of the automatic stay to such an extent. As explained in a treatise addressing the function served by the financial management course of § 111:

> This new mandate was designed, at least in part, to insure that individual debtors leave the bankruptcy process with a toolbox of financial skills so that, prospectively, they will make more knowledgeable and thoughtful financial choices and avoid future financial failure.

Collier on Bankruptcy ¶ 111.01[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

In this case, the Court, given the Debtor's intimate involvement in his bankruptcy proceeding and general business acumen, cannot see how the completion of the instructional course on financial management would enable the Debtor to make more knowledgeable and thoughtful financial choices

---

Bankruptcy Rule 4004(a) provides that in "a chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."

Page 6

**In re: Duane J. Tillimon**
**Case No. 07-35365**

in the future. Furthermore, for the reasons explained, no purpose is served by allowing the automatic stay to remain in effect against the Debtor personally. Based, therefore, on these findings, the Court, in exercising its equitable powers under 11 U.S.C. § 105(a), hereby waives against the Debtor the requirement of 11 U.S.C. § 111 and § 727(a)(11), regarding the completion of a course on personal financial management.

Accordingly, it is

***ORDERED*** that, pursuant to 11 U.S.C. § 105(a), the requirement that the Debtor, Duane J. Tillimon, complete the instructional course on financial management, as set forth in 11 U.S.C. § 111, be, and is hereby, WAIVED.

***IT IS FURTHER ORDERED*** that, notwithstanding 11 U.S.C. § 727(a)(11), the Clerk, United States Bankruptcy Court, is hereby directed to prepare and enter the Debtor's discharge.

Dated: May 10, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 7

# CERTIFICATE OF SERVICE

Copies were mailed this 10th day of May, 2011 to:

Duane J Tillimon
PO Box 8762
Toledo, OH 43623

Kenneth A Blech
10850 Pearl Rd
#D3
Strongsville, OH 44136-3305

John N Graham
5151 Monroe St
#245
Toledo, OH 43623

                                              /s/ Jennifer Huff
                                    Deputy Clerk, U.S. Bankruptcy Court